*E-Filed 12/8/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JORGE GONZALEZ ORDUNO, | No. C 15-3018 RS (PR) |
|     Petitioner, | **ORDER EXTENDING TIME;** |
| v. | **ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL;** |
| HEIDI M. LACKNER, | **INSTRUCTIONS TO CLERK** |
|     Respondent. | |

Petitioner's motion to extend time to file a traverse (Docket No. 20) is GRANTED. The traverse shall be filed on or before February 15, 2016.

He also moves for the appointment of counsel because he hasn't any English, lacks money to hire an attorney, and would be better served if counsel were appointed. There is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). A district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional

circumstances are present.  *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994).

Petitioner has not shown that exceptional circumstances exist.  His lack of legal knowledge and money are facts nearly all prisoners face.  Also, his circumstances have not hindered his prosecution of this habeas action thus far.  He has been able to file articulate, reasoned documents (including the present motion) with the Court.  Counsel therefore is not required, nor can the Court see any other reasons warranting the appointment of counsel.

The Clerk shall amend the docket to reflect that Heidi M. Lackner, the warden of the prison in which petitioner is housed, is the sole respondent in this action.  Petitioner erroneously named as respondent the People of the State of California.  Lackner, not the People of the State of California, is the proper respondent in this action, as she is the custodian having day-to-day control over petitioner, the only person who can produce the "body" of the petitioner.  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).  The Clerk shall terminate Docket No. 20.

**IT IS SO ORDERED**.

DATED:  December 8, 2015

RICHARD SEEBORG
United States District Judge