UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JORGE GONZALEZ ORDUNO, | No. C 15-03018 RS (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| HEIDI M. LACKNER, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. For the reasons set forth below, the petition for such relief is DENIED.

## BACKGROUND

In 2012, a Santa Clara Superior Court jury convicted petitioner of four counts of aggravated sexual assault on a child under the age of fourteen (Cal. Penal Code § 269); six counts of committing a lewd and lascivious act on a child by force, violence, duress, menace, or fear (*id.* § 288(b)(1)); and four counts of committing a lewd and lascivious acts on a child (*id.* § 288(a)). (Ans., Ex. F (State Appellate Opinion) at 1.) The jury also found true several

sentencing enhancement allegations that he committed crimes against more than one victim (*id.* § 667.61(b) & (e)). (*Id.*, Ex. B, Vol. 9 at 690–93.) Consequent to these verdicts and findings, he was sentenced to a term of 90 years to life, plus 14 years, in state prison. (Ans., Ex. F at 2.) He sought, but was denied, relief in the state courts. This federal habeas petition followed.

Evidence presented at trial showed that petitioner committed sexual crimes against his daughter M.D. and his stepsister J.D. M.D. testified that petitioner sexually molested her from when she was five years old until she was about 10 or 11. (*Id.* at 1.) He would penetrate her vagina with his fingers and penis and touch her breasts and vagina. When she would yell and try to push him away, he would push her back, or put his hand on her mouth, or hold her down. He stopped assaulting her after she threatened to inform the police or a teacher. (*Id.*)

M.D. did not report the assaults to police until she was 19. At the suggestion of the police, she telephoned petitioner. When she asked him why he molested her, he said he had "fucked up" and did not "want to remember." (*Id.*)

J.D. was molested by petitioner, who is J.D.'s senior by nine years, from when she was in first grade until she was 11. (*Id.* at 1-2.) He would digitally penetrate her and have her masturbate him. He discouraged her from telling her mother, who, when J.D. eventually told her about petitioner, did not believe her. (*Id.* at 2.)

At petitioner's trial, the prosecutor presented propensity evidence in the form of uncharged sexual offenses petitioner committed against his nephew E.D. He testified petitioner started touching him "in a sexual way" when he was in kindergarten. Over the next two years, petitioner fondled E.D.'s genitals, groped him, and orally and anally copulated him. (*Id.* at 2.)

As grounds for federal habeas relief, petitioner claims (1) the trial court violated his right to due process by failing to instruct the jury regarding corroborating evidence; (2) defense counsel rendered ineffective assistance; and (3) there was insufficient evidence to

support the multiple victim sentencing enhancement.[1]

**STANDARD OF REVIEW**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively

---

[1] The traverse appears to raise new claims. To the extent that this is so, these claims cannot be addressed because they were not raised in the petition, rather only in the traverse. *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

unreasonable." *Id*. at 409.

## DISCUSSION

### I.  Corroboration Instruction

By the time the charges involving J.D. (violations of Cal. Penal Code § 288(a)) were filed against petitioner, the general six year statute of limitations period for sex offenses in California had passed. *See* Cal. Penal Code § 800. The charges survived because there is an exception for late-reported crimes. Specifically, a "criminal complaint may be filed within one year of the date of a report to a California law enforcement agency by a person of any age alleging that he or she, while under 18 years of age, was the victim of" certain enumerated offenses. Cal. Penal Code § 803(f). This exception applies only if certain requirements are met, one of which is the existence of corroborating evidence. There must be "independent evidence that corroborates the victim's allegation." *Id.* § 803(f)(2)(C). "If the victim was 21 years of age or older at the time of the report, the independent evidence shall clearly and convincingly corroborate the victim's allegation." *Id.* Evidence of similar sexual misconduct against an uncharged victim can constitute sufficient corroborating evidence under section 803(f)(2)(C). *People v. Mabini*, 92 Cal. App. 4th 654, 659 (Cal. Ct. App. 2001).

No corroboration instruction was requested or given at trial, but defense counsel did tell the jury that the molestation accusations lacked corroboration. (Ans., Ex. F at 2.) Petitioner claims the trial court violated his right to due process by failing to instruct the jury sua sponte that it had to find clear and convincing evidence that J.D.'s testimony was corroborated. He also claims the failure resulted in prejudice and rendered the criminal charges untimely. (Pet. at 5.)

The state appellate court, citing *Mabini*, rejected this claim because there was sufficient corroborating evidence in the form of uncharged sexual offenses against E.D. (Ans., Ex. F at 3.) Additional evidence was provided by the testimony of M.D., whose testimony did not need to be corroborated to render the charges timely. (*Id.*)

A state trial court's failure to give an instruction does not alone raise a ground cognizable in a federal habeas corpus proceeding. *See Dunckhurst v. Deeds*, 859 F.2d 110, 114 (9th Cir. 1988). The error must so infect the trial that the defendant was deprived of the fair trial guaranteed by the Fourteenth Amendment. *Id.* Furthermore, the omission of an instruction is less likely to be prejudicial than a misstatement of the law. *Walker v. Endell*, 850 F.2d 470, 475 (9th Cir. 1987) (citing *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)). Thus, a petitioner whose claim involves a failure to give a particular instruction, as opposed to an instruction that misstated the law, bears an "especially heavy burden." *Villafuerte v. Stewart*, 111 F.3d 616, 624 (9th Cir. 1997) (quoting *Henderson*, 431 U.S. at 155).

Habeas relief is not warranted here. The state appellate court's determination that the uncharged conduct related to E.D. and M.D. was sufficient corroboration for purposes of state law (section 803) binds this federal habeas court. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus). Because corroborating evidence was present, petitioner's claim regarding the lack of a corroboration instruction fails. Specifically, such evidence renders the failure to give an instruction harmless (thereby removing the possibility of prejudice), and meets the requirements to render the charges timely. Therefore, the state court's rejection of petitioner's due process claim that he was denied a fair trial was reasonable, and therefore is entitled to AEDPA deference. The claim is DENIED.

Petitioner also claims that the statute of limitations and its corroboration requirement constitute an "element" of the crimes committed against J.D. Failure to give the corroboration instruction therefore violated his right to have this "element" submitted to the jury and found true beyond a reasonable doubt. (Pet. at 5; Ans., Ex. C (State Appellate Brief) at 25–26.) He cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The state appellate court rejected this claim "because instructional error regarding corroboration is not equivalent to an element under *Apprendi*." (Ans., Ex. F at 3 n.2.)

Under *Apprendi*, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum [other than the fact of a prior conviction], must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. . . . In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional facts." *Blakely v. Washington*, 542 U.S. 296, 303–04 (2004).

Habeas relief is not warranted here because there was no *Apprendi* error. First, the statute of limitations and its corroboration requirement are not elements of California Penal Code section 288(a). Not only is this clear from the statute's language[2], but also from the state appellate court's opinion, a determination to which this Court is bound. *Richey*, 546 U.S. at 76. Therefore, this issue did not need to be found true beyond a reasonable doubt. Second, corroborating evidence does not <u>increase</u> the penalty for the crime. Rather, its existence determines whether the charge is timely, not what sentence should be imposed after conviction. It does not affect which sentence is imposed after conviction, that is, it is not a sentencing factor. The state court's rejection of this claim was reasonable and therefore is entitled to AEDPA deference. This claim is DENIED.

**II.   Assistance of Counsel**

Petitioner claims defense counsel rendered ineffective assistance by failing to request a corroboration instruction. (Pet. at 6.) This claim was not addressed by the state appellate court in its reasoned decision on direct appeal. It was submitted to the state supreme court, which summarily denied it. When presented with a state court decision that is

---

[2] "[A]ny person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years."

1 unaccompanied by a rationale for its conclusions, a federal court must conduct an
2 independent review of the record to determine whether the state-court decision is objectively
3 unreasonable. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).  This review is not
4 de novo.  "[W]here a state court's decision is unaccompanied by an explanation, the habeas
5 petitioner's burden still must be met by showing there was no reasonable basis for the state
6 court to deny relief."  *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

7       In order to prevail on a claim of ineffectiveness of counsel, the petitioner must
8 establish that (1) counsel's performance was deficient, i.e., that it fell below an "objective
9 standard of reasonableness" under prevailing professional norms, *Strickland v. Washington*,
10 466 U.S. 668, 687–68 (1984), and (2) he was prejudiced by counsel's deficient performance,
11 i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the
12 result of the proceeding would have been different." *Id.* at 694.  Where the defendant is
13 challenging his conviction, the appropriate question is "whether there is a reasonable
14 probability that, absent the errors, the factfinder would have had a reasonable doubt
15 respecting guilt." *Id.* at 695.  "The likelihood of a different result must be substantial, not
16 just conceivable." *Richter*, 562 U.S. at 112 (citing *Strickland*, 466 U.S. at 693).

17       The standards of 28 U.S.C. § 2254(d) and *Strickland* are "highly deferential . . . and
18 when the two apply in tandem, review is doubly so." *Id.* at 105 (quotation marks and
19 citations omitted).  "The question [under § 2254(d)] is not whether counsel's actions were
20 reasonable. The question is whether there is any reasonable argument that counsel satisfied
21 *Strickland*'s deferential standard." *Id.*

22       Habeas relief is not warranted here.  Even if counsel's performance was deficient, the
23 failure to give an instruction, as discussed above, did not result in prejudice.  There was
24 sufficient evidence of corroboration to satisfy the statutory requirement.  In its independent
25 review, the Court concludes that the state court's denial of petitioner's claim was objectively
26 reasonable and is entitled to AEDPA deference, especially considering the additional layer of
27 deference set forth in *Richter*.

28

### III.  Multiple Victim Enhancements

In addition to finding petitioner guilty of six counts of Cal. Penal Code § 288(b)(1) and four counts of California Penal Code section 288(a), the jury found true sentencing enhancement allegations that there were multiple victims within the meaning of California Penal Code section 667.61, subsections (b) and (e).  Petitioner alleges that because the above-discussed convictions are void, the sentencing enhancements are as well.  (Pet. at 6–7.)  Because those convictions are not void, the Court will construe the claim to mean that there was insufficient evidence to support the multiple victim enhancement finding.

Under section 667.61(b) "a person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 15 years."  One subdivision (c) offense is lewd and lascivious behavior, a violation of section 288.  Cal. Penal Code § 667.61(c)(4).  One subdivision (e) circumstance is committing a subsection (c) offense "against more than one victim."  Cal. Penal Code § 667.61(e)(4).

When reviewing a state court's conviction for sufficiency of the evidence, a federal court must determine only whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt may the writ be granted.  *Id.* at 324.  In sum, "the only question under *Jackson* is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality."  *Coleman v. Johnson*, 132 S. Ct. 2060, 2065 (2012).  The *Jackson* standard applies to sentencing enhancements.  *See Garcia v. Carey*, 395 F.3d 1099, 1102 (9th Cir. 2005).

Sufficient evidence existed to support the jury's finding.  The undisputed record shows that petitioner was convicted of subdivision (c) offenses (section 288) and he committed that offense against more than one person, here his two victims, M.D. and J.D.  Because these facts perfectly meet the requirements of the statute, there is no question that

the jury's finding was not so insupportable as to fall below the threshold of bare rationality. The state court's denial of his claim was reasonable and therefore is entitled to AEDPA deference. This claim is DENIED.

## CONCLUSION

The state court's denial of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED. The Clerk shall enter judgment in favor of respondent, and close the file.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED.**

DATED: June 17, 2016

RICHARD SEEBORG
United States District Judge